**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

KEVIN CASTELLANOS MARTINEZ,

Petitioner,

v. No. 2:26-cv-02083-DHU-SCY

WARDEN, Torrance County Detention Facility; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, U.S. Attorney General; ACTING DIRECTOR, U.S. Immigration and Customs Enforcement; and MARY DE ANDA-YBARRA, Director, El Paso Field Office, Enforcement and Removal Operations,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

THIS MATTER is before the Court on Petitioner's *pro se* Petition for Writ of Habeas Corpus ("Petition"), where he argues that his continued detention without a bond hearing violates the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment. Doc. 1 at 6. He requests a Writ of Habeas Corpus ordering Respondents to immediately release him from custody, or, alternatively, ordering Respondents to provide him with a bond hearing. *Id.* at 7.

In *Santillan Quiroz v. Mullin*, the Tenth Circuit Court of Appeals held that "noncitizens who enter[] the United States and [a]re thereafter detained in the interior of the country" are subject to 8 U.S.C. § 1226(a) and, therefore, entitled to a bond hearing, "not [8 U.S.C.] § 1225(b)(2)(A)." 180 F.4th 1226, 1237 (10th Cir. 2026). The Court finds that *Santillan Quiroz* controls here, where Petitioner entered the United States in 2023 and was subsequently detained by Immigration and Customs Enforcement ("ICE") on April 16, 2026, in Florida. Doc. 1 at 4, 9; Doc. 7 at 1. Petitioner is, therefore, subject to § 1226(a) and entitled to a bond hearing. Accordingly, Respondents'

misclassification of Petitioner as subject to §1225(b)(2)(A) violates the INA. And Respondents' resultant and continued refusal to provide Petitioner with a bond hearing violates his due process rights. *Requejo Roman v. Castro*, 826 F.Supp.3d 1267, 1282-84 (D.N.M. 2026).

Federal district courts are vested with "the largest power to control and direct the form of judgment to be entered in cases brought up before it on habeas corpus." *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (internal quotation marks and citation omitted). Federal district courts, therefore, possess the power and authority to dispose of habeas corpus matters "as law and justice require." 28 U.S.C. § 2243. This includes the "power to grant *any form of relief necessary* to satisfy" the justice requirement. *Burton*, 975 F.2d at 693.

Federal regulations, as confirmed by the Supreme Court of the United States, require that noncitizens subject to § 1226(a) "receive bond hearings at *the outset of detention*." *Jennings v. Rodriguez*, 583 U.S. 281, 306, 138 S.Ct. 830 (2018) (emphasis added). Petitioner here was detained on April 16, 2026. This means that Petitioner, at this point in time, should have been provided with a bond hearing over four (4) months ago. Additionally, while the Tenth Circuit in *Santillan Quiroz* ordered that the petitioner in that case be provided with a bond hearing, it did not hold that a bond hearing was the only available remedy. *See* 180 F.4th at 1251 n. 13. This Court, therefore, finds that the appropriate remedy in this case is Petitioner's immediate release. *Munaf v. Geren*, 553 U.S. 674, 693, 128 S. Ct. 2207 (2008) ("Habeas is at its core a remedy for unlawful executive detention . . . [and] [t]he typical remedy for such detention is, of course, release." (citations omitted)).

Accordingly, Petitioner's *pro se* Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

**IT IS THEREFORE ORDERED THAT** Respondents release Petitioner within **twenty-four (24) hours** of this Order under reasonable conditions of release, and submit a status report no later than **three (3) days** from this Order confirming said release. The Court will issue a separate Final Judgment but retain jurisdiction over the matter to ensure compliance with this Order.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE